[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10929
Non-Argument Calendar
_____

Agency No. 016712-13

ROSIE LAWLER,

Petitioner-Appellant,

versus

COMMISSIONER OF IRS,

Respondent-Appellee.

_____

Petition for Review of a Decision
of the U.S. Tax Court
_____

(November 30, 2017)

Before HULL, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Rosie Lawler, proceeding pro se, appeals the United States Tax Court's

dismissal of her amended petition for redetermination of her tax liability.  The Tax

Court dismissed Lawler's amended petition for failure to prosecute and found her

liable for deficient income tax payments for years 2008, 2009, and 2010.  The Tax Court dismissed Lawler's amended petition after she failed to appear at a status hearing, ignored the Tax Court's attempts to explain her misunderstanding, and refused to abandon an argument that the Tax Court had already stated was erroneous.

After review, we affirm, holding that that Tax Court did not abuse its discretion in dismissing Lawler's amended petition.

## I.  BACKGROUND

### A.    Initial Proceedings Involving Johnny Lawler

In April 2013, the Internal Revenue Service ("IRS") issued a notice of deficiency to Rosie Lawler and her husband, Johnny Lawler.  The notice explained that the IRS had determined that the Lawlers owed additional taxes for 2008, 2009, and 2010.  The notice also stated that the Lawlers would owe additional amounts as penalties.  In full, the IRS alleged that the Lawlers owed tax deficiencies totaling $216,280 and associated penalties totaling $77,961.

On July 24, 2013, Johnny Lawler challenged the notice of deficiency by filing a petition with the Tax Court.  On September 23, 2013, Johnny Lawler filed an amended petition to re-determine his tax liabilities (the "amended petition").  Initially, only Johnny Lawler's name appeared on the filings with the Tax Court.  However, on November 26, 2013, Rosie Lawler began filing with Johnny Lawler

2

as a co-petitioner.  The Lawlers later explained that "Rosie Lawler is a co-petitioner . . . as a matter of law" and that any omission of her name from previous filings was due to "clerical error."

On January 8, 2014, the Tax Court directed its clerk to change the caption of the case to include Rosie Lawler.  The Tax Court also requested that Rosie Lawler expressly ratify Johnny Lawler's petition (filed July 9, 2013) and amended petition (filed September 23, 2013), which she did on March 4, 2014.

On March 18, 2014, the Tax Court dismissed Johnny Lawler from the case for lack of jurisdiction.  The Tax Court explained that Johnny Lawler's amended petition with the Tax Court was filed after he declared Chapter 13 bankruptcy.  Under 11 U.S.C. § 362(a)(8), Johnny Lawler's bankruptcy petition triggered an automatic stay on the commencement of any proceeding before the Tax Court.  As a result, Rosie Lawler remained as the sole petitioner in the case.  The Tax Court then changed the caption of the case to read "Rosie Lawler, Petitioner v. Commissioner of Internal Revenue, Respondent."  Hereinafter, because Rosie Lawler remained as the sole petitioner in the case, we refer to her as Lawler.

On May 8, 2014, the IRS filed its answer to Lawler's amended petition, urging the Tax Court to deny her requested relief and approve the IRS's determination of tax deficiencies and penalties for the 2008–2010 tax years.

3

**B.      Lawler's May 2014 Construed Motion to Amend**

In response, on May 20, 2014, Lawler filed a motion titled "Motion for Default Judgment, Innocent Spouse, Uncollectable Status, Statute of Limitation Judgment."   In the motion Lawler argued that she was entitled to "Innocent Spouse" relief because she had "no knowledge of the fight [the IRS had] with [her husband]."   Lawler further contended that she should be granted "Uncollectable Status" because she could not afford to pay the alleged deficiencies and that the IRS was seeking allegedly underpaid taxes for years that were outside the statute of limitations.

On the same day as Lawler's motion—May 20, 2014—the Tax Court issued an order saying that it was "retitling" her "Motion for Default Judgment, Innocent Spouse, Uncollectable Status, Statute of Limitation Judgment" as a "Motion for Leave to File Amendment to Amended Petition, as Amended Embodying the Amendment to Amended Petition, as Amended."   In other words, the Tax Court construed Lawler's motion as a motion seeking leave to amend the petition to raise claims for innocent spouse relief, for uncollectible status, and based on the statute of limitations.  The Tax Court also directed the IRS to respond.

On June 10, 2014, the IRS responded, noting that it had insufficient information regarding Lawler's knowledge of its dispute with Johnny Lawler.  The

4

IRS requested that Lawler's motion be denied and that its determination of deficient payments be approved.

## C.    Tax Court's June 2014 Order on Lawler's Construed Motion to Amend

On June 16, 2014, the Tax Court issued a two-paragraph order concerning Lawler's construed motion for leave to amend, filed May 20, 2014.  The Tax Court explained that "[a]lthough less than clear from what ha[d] been submitted," it appeared that appeared that Lawler's motion sought to amend the pleadings to include the following two claims: (1) whether she was entitled to innocent spouse relief under 26 U.S.C. § 6015; and (2) whether the statute of limitations barred the IRS's deficiency assessments.  Without addressing the merits of those claims, the Tax Court granted Lawler's construed motion for leave to amend her amended petition to include those claims.  The Tax Court noted that its Rules reflected a "liberal attitude toward amendment of pleadings," and that the IRS had not shown that it would suffer prejudice from the proposed amendment.

## D.    Lawler's Construed Motion to Restrain Assessment

On June 30, 2014, Lawler filed a "Motion for Preliminary Injunction For Tax Years 2008, 2009, 2010."  Lawler attached to her motion a tax assessment mailed to her on June 9, 2014, which reflected the IRS's determination that she owed over $300,000 in unpaid taxes, penalties, and interest for the three years in question.  The Tax Court construed and retitled the motion as a "Motion to

Restrain Assessment or Collection or To Order Refund of Amount Collected" and ordered the IRS to respond.

On July 17, 2014, the IRS responded.  The IRS explained that, before Lawler had joined Johnny Lawler's amended petition, the IRS believed that an assessment could still be made against her for the deficient amounts, as it deemed her to be a "non-petitioning spouse."  However, now that Lawler had joined her husband's amended petition, the IRS explained that it would reverse the assessment and implement a litigation freeze to halt any collection action pending the outcome of her amended petition.  On September 10, 2014, the Tax Court denied Lawler's construed motion to restrain assessment as moot, citing the IRS's response.

**E.     Proceedings Regarding Lawler's Form 8857 Request for Innocent Spouse Relief**

On January 7, 2015, the Tax Court set the matter for trial, scheduling it for June 8, 2015.

1. IRS's Motion to Continue Trial & June 8, 2015 Calendar Call

On May 27, 2015, the IRS moved for a continuance.  In its motion, the IRS explained that Lawler had attached a Form 8857 Request for Innocent Spouse Relief to one of her motions before the Tax Court, but that the IRS had not yet processed the request.  It therefore requested that the Tax Court continue the trial so that the IRS could determine whether her request should be granted.

6

The Tax Court held a calendar call on June 8, 2015 at which Lawler appeared. At the calendar call, Lawler asserted, through a representative,[1] that the IRS already had granted her innocent spouse relief and a resulting "zero balance" for the tax years in question. Counsel for the IRS, after looking at documentation provided by the Lawlers, explained that the IRS had sent a zero balance assessment to Lawler after correcting its inaccurate assessment and imposing the litigation freezeCounsel for the IRS continued his explanation by stating that the agency's system would continue to show a "zero balance" until the Tax Court litigation was resolved. The Tax Court agreed and clarified that the zero balance did not mean that Lawler was "out from under the tax bill," but merely that the IRS had assessed her prematurely, noting that "the case continues."

The Tax Court asked the parties whether Lawler had requested innocent spouse relief by filing a Form 8857 directly with the IRS. Both parties agreed that she had not. The Tax Court ordered counsel for the IRS to provide Lawler with the form. Lawler agreed to the IRS's request for a continuance, and she agreed that she would file a proper request with the IRS within two months.

In a June 8, 2015 order, the Tax Court granted the continuance, noting that Lawler had agreed at the calendar call to file a properly completed request for

---

[1]The Tax Court allowed Lawler's husband to speak on her behalf.

innocent spouse relief by August 7, 2015. The Tax Court further ordered the parties to file a joint status report by August 17, 2015.

Both parties subsequently updated the Tax Court, pursuant to the Tax Court's order. On July 20, 2015, the IRS confirmed that Lawler had filed a Form 8857 requesting innocent spouse relief and noted that its review of her request was ongoing. On July 21, 2015, Lawler filed an update of her own, stating (1) that she had filed a Form 8857 and (2) that the IRS had granted her "a zero balance" for the years in question on "August 11, 2014." In support, Lawler attached her Form 8857 request, along with two August 11, 2014 assessments from the IRS, showing an amount due of "$0.00."

On August 10, 2015, the Tax Court again ordered the parties to file status reports by December 10, 2015, explaining that it would halt its adjudication of Lawler's amended petition to see if the IRS would grant her innocent spouse relief.

2. IRS Resolution of Lawler's Form 8857 Request and Attempted Settlement

On December 10, 2015, the IRS informed the Tax Court that it had concluded its review of Lawler's request for innocent spouse relief and that it was preparing to propose settlement terms to her reflecting its conclusions. On February 1, 2016, the Tax Court set a deadline of February 29, 2016 for the parties to either submit settlement documents or for the IRS to file a revised status update.

8

Both parties timely responded to the Tax Court's order. On February 29, 2016, the IRS filed a response, pointing out that the June 16, 2014 order had only granted Lawler's motion to amend the pleading to include a request for innocent spouse relief. The IRS also explained that it had determined that Lawler was entitled to partial innocent spouse relief and had proposed settlement terms reflecting that determination. The IRS noted, however, that Lawler had refused the settlement terms. The IRS explained that Lawler based this belief on her interpretation of the Tax Court's June 16, 2014 order granting her leave to amend her redetermination petition.

Also on February 29, 2016, Lawler filed a document entitled "Court Order Settlement Documents." Lawler explained that she interpreted the Tax Court's June 16, 2014 order as a ruling in her favor that she was entitled to full innocent spouse relief. Lawler maintained that the IRS had failed to move within 30 days to amend, change, or set aside that June 16 order, and thus the Tax Court's ruling was final. Lawler also reasoned that if she agreed to the IRS's proposed settlement, it would be in violation of the Tax Court's June 16, 2014 order and subject her to punishment.

On August 24, 2016, the Tax Court issued an order to address Lawler's confusion. The Tax Court conceded "that its prior order [was] confusing," in that it granted "what the Docket Section titled Ms. Lawler's 'Motion for Leave to File

9

Amendment to Amended Petition, as Amended Embodying the Amendment to Amended Petition, as Amended.'"  The Tax Court explained, however, that the order simply meant that it had allowed Lawler to "amend her petition to <u>ask for</u> innocent spouse relief," and not that it had decided to <u>grant</u> her full relief.

The Tax Court went on to note that, although it had tried for several months to schedule a telephone call with Lawler to address her misunderstanding, she had "steadfastly refused to do so."  The Tax Court therefore ordered her to appear at a status conference set for October 3, 2016.  The Tax Court further warned that if Lawler refused to appear at the status conference, it would "invite the IRS to move to dismiss [her case] for her failure to properly prosecute."

3.  October 3, 2016 Status Conference & IRS Motion to Dismiss

Lawler did not appear at the October 3, 2016 status conference.  At that hearing, the IRS stated that it had prepared a motion to dismiss for lack of prosecution and noted that the motion reflected a grant of partial innocent spouse relief.  It also stated that it had tried to call her several times, to no avail.  The IRS further noted that it had made contact with Johnny Lawler, who stated that Lawler would return the IRS's calls.  But as of the date of the hearing, Lawler had not contacted the IRS.  The Tax Court then mentioned that Lawler "refuse[d] to speak to [his] chambers" as well.

That same day, October 3, 2016, the IRS filed its motion to dismiss Lawler's amended petition for lack of prosecution. The motion asked the Tax Court to find that Lawler had a deficiency for the three tax years in question, but with the amounts reduced to reflect the IRS's partial grant of innocent spouse relief. The IRS listed the amounts due both before and after the application of partial innocent spouse relief. After applying innocent spouse relief, Lawler's total tax deficiency was $10,198 with no associated penalties. In response, the Tax Court issued an order for Lawler to show cause, by November 2, 2016, as to why it should not grant the IRS's motion.

In a filing dated October 21, 2016, Lawler objected to the motion to dismiss, contending that she did not receive notice of the status conference and again asking the Tax Court to "grant the Innocent Spouse Relief which has already been ordered."

4. Tax Court's Dismissal Order

On December 2, 2016, the Tax Court issued an order and decision dismissing the case. The Tax Court noted that the parties had come close to settling the matter, but "for reasons that the [Tax] Court [did] not understand," Lawler refused to sign the settlement documents, repeating her argument that the Tax Court had already granted her full innocent spouse relief. The Tax Court also highlighted Lawler's repeated refusal to schedule a conference call for the Tax

11

Court to address her misunderstanding and her failure to appear at the October 3, 2016 status conference. The Tax Court noted that Lawler responded to the show cause order by claiming that she did not receive notice of the October 3 hearing. But the Tax Court questioned her response, observing that its records showed that the notice of the hearing was mailed to her current address.

The Tax Court granted the IRS's motion to dismiss and "ordered and decided" that Lawler had deficiencies of $2,296 for 2008, $3,463 for 2009, and $4,439 for 2010, consistent with the IRS's grant of partial innocent spouse relief.

On February 21, 2017, Lawler timely appealed. See Fed. R. App. P. 13(a)(1)(A).

## II.  STANDARD OF REVIEW

We review for an abuse of discretion the Tax Court's dismissal of a petition for failure to properly prosecute. Crandall v. Comm'r, 650 F.2d 659, 660 (5th Cir. Unit B July 1981).[2]

## III.  DISCUSSION

A tax assessment made by the IRS constitutes a "determination that a taxpayer owes the Federal Government a certain amount of unpaid taxes." United States v. Fior D'Italia, Inc., 536 U.S. 238, 242, 122 S. Ct. 2117, 2122 (2002). An assessment "is entitled to a legal presumption of correctness." Id. As a result of

[2]This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

12

this presumption, taxpayers may petition the Tax Court for relief, but have the burden of proving that the IRS's computations were in error.  Pollard v. Comm'r, 786 F.2d 1063, 1066 (11th Cir. 1986); 26 U.S.C. § 6015(e).  Accordingly, although the tax code allows an "innocent spouse" to seek relief from deficiencies or penalties assessed against her husband, she bears the burden of proving that she has met all the prerequisites for that relief.  Feldman v. Comm'r, 20 F.3d 1128, 1134-35 (11th Cir. 1994); 26 U.S.C. § 6015; see also Comm'r v. Neal, 557 F.3d 1262, 1268-72 (11th Cir. 2009) (discussing innocent spouse relief).

Congress has granted authority to the Tax Court to conduct its proceedings "in accordance with such rules of practice and procedure (other than rules of evidence) as the Tax Court may prescribe."  26 U.S.C. § 7453.  Under its rules, the Tax Court may dismiss a case and enter a decision against a party who has "failed to plead or otherwise proceed as provided by [Tax Court] Rules or as required by the [Tax] Court."  Tax Ct. R. 123(a).  The Tax Court also may dismiss a case and enter a decision against a petitioner "[f]or failure of a petitioner properly to prosecute or to comply with [Tax Court] Rules or any order of the [Tax] Court or for other cause which the [Tax] Court deems sufficient."  Tax Ct. R. 123(b).

In addition, if a petitioner fails to comply with an order of the Tax Court, the Tax Court may impose sanctions, including "dismissing the case or any part thereof, or rendering a judgment by default against the disobedient party."  Tax Ct.

13

R. 104(c)(3).  "A decision rendered upon a default or in consequence of a dismissal, other than a dismissal for lack of jurisdiction, shall operate as an adjudication on the merits."  Tax Ct. R. 123(d).  Petitioners may appeal decisions of the Tax Court to the appropriate United States Court of Appeals.  26 U.S.C. § 7482(a)(1) ("The United States Courts of Appeals (other than the United States Court of Appeals for the Federal Circuit) shall have exclusive jurisdiction to review the decisions of the Tax Court.").

Here, as a preliminary matter, it is clear from the record that, although Lawler filed a motion purportedly seeking innocent spouse relief, the Tax Court construed and retitled it as motion seeking leave to amend the amended petition to request such relief, as no such claim had been asserted in Lawler's prior filings. The Tax Court subsequently granted the construed motion in its June 16, 2014 order, giving Lawler leave to amend her amended petition.  Nothing about that order suggests that the Tax Court actually granted innocent spouse relief.  Instead, the order stated that it would construe her motion as one requesting leave to amend her amended petition.  The order then recited the standard for granting a leave to amend and considered whether the IRS would suffer any prejudice if Lawler were

14

to amend her amended petition.  In short, Lawler's assertion that the Tax Court granted her full innocent spouse relief is erroneous.[3]

Moreover, Lawler has waived her ability to appeal the Tax Court's dismissal.  Instead of challenging the Tax Court's dismissal of her amended petition, her brief consists of several exhibits—which were already included in the administrative record—but no formal argument concerning the Tax Court's order dismissing her amended petition.  Indeed, Lawler does not even mention the order that dismissed her amended petition in her brief.  Rather, she repeats her claim that the Tax Court granted her full tax relief in its June 16, 2014 order.

Essentially, Lawler is asking this Court to affirm a decision by the Tax Court that it did not make, instead of challenging its dismissal of her amended petition.  Because she is pleading pro se, her brief is entitled to a liberal construction.  See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).  But even if her brief is given a liberal read, its failure to address the Tax Court's dismissal order is fatal to her appeal.  Id. ("[I]ssues not briefed on appeal by a pro se litigant are deemed abandoned.").

Furthermore—and even assuming that Lawler preserved the issue—the Tax Court did not abuse its discretion in dismissing her amended petition and

_____

[3]Curiously, Lawler appears to have shifted her position during the Tax Court proceedings.  Though she now argues that the Tax Court absolved her of tax liability in June 2014, she appears not to have always held that belief.  For example, in September 2015, Lawler filed a motion requesting relief from the Tax Court, asserting that the Tax Court had not yet ruled on her tax liability.

determining her deficiency because of her failure to prosecute. The Tax Court gave Lawler numerous opportunities to avoid dismissal, and dismissed her case only after granting several continuances and repeatedly attempting to contact her to clarify that its prior order did not, in fact, grant her innocent spouse relief. Indeed, the Tax Court even warned Lawler that dismissal was a possible consequence of her failure to appropriately participate in the proceedings. Nevertheless, Lawler persisted in her failure to comply with the Tax Court's orders and continued to insistent that her erroneous interpretation of the Tax Court's June 16, 2014 order be given effect. This continued to be true even after the Tax Court gave Lawler a final chance through its order to show cause.

Ultimately, the record demonstrates that the Tax Court's dismissal was within the range of acceptable choices and did not constitute a clear error of judgment. In re Rasbury, 24 F.3d 159, 168 (11th Cir. 1994) (explaining that the abuse of discretion standard "allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment" (internal quotation marks omitted)).

Accordingly, we affirm.

**AFFIRMED.**